IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN C. CULPEPPER III D/B/A** | § | |
| **STALWORTH CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-01381-L** |
| | § | |
| **UNITED STATES FIRE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Reconsideration (Doc. 60) filed by Plaintiff, on April 26, 2013, pursuant to Federal Rule of Civil Procedure 59(e). After carefully considering the motion, response, reply, record, and applicable law, the court **denies** the Motion for Reconsideration (Doc. 60).

**I.  Grounds for Motion**

In support of its motion, Plaintiff contends that: (1) the court erred in determining that Plaintiff's insurance claim is not covered under the policy at issue; and (2) the court failed to address the issue of whether Defendant breached the insurance policy by applying two deductibles and underpaying Plaintiff's claim.[1]  Regarding the double deductible ground, Plaintiff contends that it

---

[1] Plaintiff does not specify whether the court should have addressed this issue in deciding its summary judgment motion or Defendants' summary judgment motion.

**Memorandum Opinion and Order - Page 1**

is entitled to judgment on this issue or should be permitted to pursue this aspect of its breach of contract claim because:

**(I)     The insured location is a single building.**

15.   The Defendant should apply only one deductible to Plaintiff's claim, as the mall is a single physical building. Defendant responds that it was formerly two separate locations, and that the two portions of the mall were acquired at different times. This is true. However, the property is a single building that was consolidated as a unitary mall once the second acquisition was made. The carrier should not apply two deductibles to a single structure in order to reduce the policy's coverage.

**(ii)    When the mall was unified, the policy automatically extended coverage to the entire building.**

16.   The Policy specifies that the addition of new buildings at a loss location extends coverage to that new building. The relevant provision states:

> **5.     Coverage Extensions**
> Except as otherwise provided, the following Extensions apply to property located in or on the building described in the Declarations or in the open . . . within 100 feet of the described premises.
>
> **a.     Newly Acquired or Constructed Property**
>
> **(1)    Buildings**
>
> If this policy covers Building, you may extend that to apply to…(b) Buildings you acquire at locations, other than the described premises, intended for (I) similar use as the building described in the Declarations . . .
> (App. p. A4)

17.   This provision prescribes extension coverage and therefore justifies a single deductible. When Plaintiff acquired the second portion of the shopping mall coverage extended automatically to the new mall addition, and Defendant does not deny that Plaintiff has subsequently paid an increased premium to continue the extended coverage on the consolidated building. A single deductible should apply. Defendant has argued that the single property continued to be scheduled as two separate locations, but the separateness or unification of the property is, at minimum, a fact issue to be tried.

> 18. The interpretation of the policy language to apply one deductible to the single mall building is reasonable. Plaintiff asks the Court to grant deference to Plaintiff's reasonable interpretation of the policy, and to grant summary judgment on this issue in favor of Plaintiff, or otherwise allow this issue to proceed to trial.

Pl.'s Br. 4-5.

Defendant counters that the court correctly interpreted the policy and that the contract claim based on an allegedly improper double deductible is not before the court because it was not pleaded in Plaintiff's Original Petition and was only mentioned by Plaintiff in response to Defendant's motion for summary judgment on Plaintiff's bad faith, which was dismissed by stipulation of the parties. Defendant further contends that Plaintiff did not previously raise all of the arguments it now asserts, including its newly-acquired property argument, in support of its alleged double deductible claim. Even assuming that Plaintiff pleaded a contract claim based on double deductibles, Defendant contends that Plaintiff has no evidence sufficient to raise a genuine issue of material fact, and that the evidence demonstrates that it properly applied one deductible for each of the two properties in accordance with the policy's deductible language that provides for deductibles "per location." Def.'s Resp. 12. In its reply brief, Plaintiff disagrees that it has not pleaded a claim based on double deductibles and points to its First Amended Petition, contending that it "explicitly pled that application of a double deductible to a single structure is a breach of the policy contract not merely an incident of bad faith." Pl.'s Reply 2.

## II. Discussion

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly

**Memorandum Opinion and Order - Page 3**

discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Regarding Plaintiff's request for reconsideration based on the court's interpretation of the policy, the court concludes that no manifest error of law or fact is present, and that no newly discovered evidence has been presented. Reconsideration on this ground will therefore be denied. As discussed below, Plaintiff's contention regarding its contract claim based on an allegedly improper double deductibles is more troubling.

As correctly noted by Defendant, there is no mention of any claim in Plaintiff's Original Petition, contractual or otherwise, based on an allegedly improper double deductible. This issue was first raised in a footnote in Plaintiff's brief in support of its motion for partial summary judgment. Doc. 17 at 4, n.1. Plaintiff also relied on its double deductible argument in response to Defendant's motion for summary judgment on Plaintiff's bad faith claim. Doc. 28 at 9-10. After the briefing on the parties' summary judgment motions was substantially complete,[2] Plaintiff moved to amend its pleadings on August 22, 2012. Plaintiff stated in its motion to amend that the proposed amendment was sought to merely "clarify Plaintiff's causes of actions, but does not add any new causes of action." Doc. 29. Based on this representation and Plaintiff's statement that it did not anticipate opposition from Defendant to the proposed amendment, the court granted Plaintiff's motion on August 23, 2013, and directed it to file its amended complaint within three business days.[3]

In its First Amended Complaint (Doc. 31), Plaintiff alleges "Defendant has attempted to withhold two deductibles for a single property, in clear breach of its Policy obligation." *Id.* ¶ 12. As previously noted, however, Plaintiff's Original Petition contained no allegations to support a claim of any kind based on an allegedly improper double deductible. Thus, contrary to the statement

---

[2] All but Defendant's reply in support of its summary judgment motion had been filed.

[3] The court granted Plaintiff's motion before the deadline for Defendant to respond.

**Memorandum Opinion and Order - Page 5**

in Plaintiff's motion to amend, its proposed amended pleading did not merely clarify claims previously alleged but instead established an entirely new factual basis for its claims after briefing on the parties' summary judgment motions was substantially complete.

Given the timing of the motion to amend, it further appears that the amendment was sought to bolster Plaintiff's summary judgment arguments on this issue. Had the court been aware of these facts when it ruled on Plaintiff's motion to amend its pleadings, it would have denied the motion.[4] *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846-47 (5th Cir. 1992) (affirming district court's denial of motion to amend pleadings to allege new factual basis for plaintiff's claims after defendant had moved for summary judgment). The court therefore **vacates** its Order (Doc. 30) granting Plaintiff's motion for leave to amend, and **strikes** those portions of Plaintiff's First Amended Complaint (Doc. 31) that refer to the claim in question. For these reasons and because the contract claim based on an allegedly improper double deductible was not pleaded before the parties' moved for summary judgment, the court agrees with Defendant that it was not before the court.

Further, even assuming that this claim were before the court, there would have been no reason for the court to address the double deductible argument raised by Plaintiff in response to Defendant's summary judgment motion because this argument was raised in support of Plaintiff's bad faith claim, and the parties' agreement to dismiss the bad faith claim (Doc. 56) mooted any arguments by the parties as to this claim. Moreover, the court concludes that the evidence relied on

---

[4] The court expects a party to be forthcoming and operate with complete candor in making representations to the court. In this regard, Plaintiff represented to the court that it *only* sought to clarify certain facts and no new claims would be asserted. The court took this representation at face value and granted the motion to amend. The court does not allow amendment of pleadings after a summary judgment has been filed if the amendment adds new claims or defenses of a party; and it would not have done so in this case had full disclosure occurred. Such misrepresentation and gamesmanship will not be countenanced by the court, and striking the offending portions of Plaintiff's First Amended Complaint is warranted under the circumstances.

**Memorandum Opinion and Order - Page 6**

by Plaintiff as to this issue in response to Defendant's summary judgment motion is insufficient to raise a genuine dispute of material fact.[5] Plaintiff's reference in passing to this issue in a footnote of its summary judgment motion was likewise insufficient for purposes of bringing it to the court's attention or meeting Plaintiff's summary judgment burden. Doc. 17 at 4, n.1 ("The carrier improperly reduced the award by applying two $25,000 deductibles to the single structure.").

In addition, the aforementioned quoted arguments that Plaintiff now relies on in support of its double deductible claim were not previously presented to the court. The court therefore declines to consider them. *See Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (concluding that the "district court did not abuse its considerable discretion in denying Marseilles the opportunity to raise the claim after judgment" that could and should have been made before judgment was entered); *Ervin v. Sprint Commc'n Co. LP*, 364 F. App'x 114, 118 n.4 (5th Cir. 2010) (unpublished) (concluding similarly that Rule 59(e) "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' A legal argument not raised in opposition to summary judgment but improperly raised for the first time in a Rule 59(e) motion is still waived because such an argument was never properly before the district court.") (citing and quoting *Simon*, 891 F.2d at 1159). Accordingly, the court determines that denial of Plaintiff's Motion for Reconsideration is appropriate.

---

[5] To support its assertion that Defendant improperly applied two deductibles to the same structure, Plaintiff cited a letter from adjuster Steven Phillips ("Phillips") in which Phillips responds to Plaintiff's contention that two deductibles were incorrectly applied and explains that two deductibles were appropriately applied because the Schedule of Locations (attached to Phillips's letter but not included in Plaintiff's summary judgment appendix) "clearly lists College Park Mall . . . and Old Wal-Mart . . . as separate locations." Pl.'s App. 35-36 (Doc. 18).

**Memorandum Opinion and Order - Page 7**

### III.   Conclusion

For the reasons herein stated, Plaintiff has failed to show that the court should reconsider, alter, or amend its judgment pursuant to Rule 59(e).  Accordingly, the court **denies** Plaintiff's Motion for Reconsideration (Doc. 60).

**It is so ordered** this 31st day of May, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge